APRIL EWING v. THE STATE.

1. ASSAULT WITH INTENT TO MURDER.—In trials for this offense it is necessary that the charge to the jury shall define or explain the term "malice" as the essential ingredient of murder.

2. SAME—EVIDENCE.—Note in the opinion a recapitulation of evidence held insufficient to sustain a conviction for assault with intent to murder.

APPEAL from the District Court of Rusk. Tried below before the Hon. A. J. BOOTY.

The case is stated in the opinion.

No brief for the appellant.

*George McCormick*, Assistant Attorney-General, for the State.

WHITE, J. Appellant was convicted at the January term, 1878, of the District Court of Rusk County, of an assault with intent to murder one Sallie Creer. Sallie Creer was April's mother-in-law. April's wife had died, and, on her death-bed, according to the evidence of the assaulted woman, she and her husband, the defendant, had given their children to the witness, their grandmother. It seems, however, that she went down to defendant's house to see the children, and, finding him from home, carried them off without his knowledge or consent.

The next day defendant went to her house after the children, and, upon her refusal to give them up, he took hold of the children, and she took hold of them, too. She says: "I got the baby away from him; he drug me out through the gallery. He then said, 'If you don't turn me loose, I'll hurt you, and that d—n bad, too.' He struck me in the breast with his elbow, and knocked me to my knees, and threw his pistol over his shoulder and shot at me. I said, 'Is that what you come here for, to shoot

me?' He said, ' I'm off,' and jumped over the fence, with the child, put it on his horse, and rode off, cursing me as long as he was in sight. * * * There was no one present except some little children. He did not attempt to shoot again ; he left as soon as I let him go."

The only other evidence in behalf of the State was that of the husband of the injured woman, who testified that he heard a pistol or gun fired, and went to the house, and saw a dent in the gallery floor ; "it looked like where a ball had struck ; it was a dent in the floor ; I don't know that the ball struck there."

For the defendant, three witnesses impeached the character of Sallie Creer for truth and veracity, in the neighborhood in which she lived. It is true, one of these witnesses does not seem to have had a very satisfactory idea of the meaning of the terms " general character for veracity," for, when asked what they meant, he replied, " keeping adultery house." Still, we do not think, taking all the evidence as it is shown in the record, that it establishes a case of assault with intent to murder, and we are of opinion that, had the jury been properly instructed as to the law of assault with intent to murder, they would scarcely have found the verdict rendered in the case.

The judge, in his charge, nowhere defined murder, or malice, the principal ingredient of murder, and, in failing to do so, failed (as has been repeatedly held) to charge the law applicable to the case. *Hodges* v. *The State,* 3 Texas Ct. App. 470, and authorities cited.

Because the court failed to charge the law applicable to the case, the judgment is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*